2022-1807

---

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

THE GOVERNMENT OF QUEBEC, MARMEN INC., MARMEN ENERGIE INC., MARMEN ENERGY CO., THE GOVERNMENT OF CANADA,

*Plaintiffs-Appellants*

v.

UNITED STATES, WIND TOWER TRADE COALITION,

*Defendants-Appellees*

THE GOVERNMENT OF ONTARIO,

*Defendant*

---

## PLAINTIFF-APPELLANTS GOVERNMENT OF QUEBEC, MARMEN INC., MARMEN ENERGIE INC., MARMEN ENERGY CO., AND THE GOVERNMENT OF CANADA'S CONSENT MOTION TO EXPAND THE WORD LIMIT FOR THEIR REPLY BRIEF

Appellants Marmen Inc., Marmen Énergie Inc., Marmen Energy Co., the Government of Canada, and the Government of Québec (collectively, "Canadian Parties" or "Appellants") respectfully move to expand the word limit for their joint reply brief by 900 words. Mr. Joshua Kurland, on behalf of the United States, consented to the 900 word enlargement.  Ms. Maureen Thorson, on behalf of the Wind Tower Trade Coalition, also consented to the 900-word enlargement.  The

Government of Ontario is listed in the caption of the case but has not entered an appearance, and therefore no consent was sought from that entity.

### 1.  Good Cause Exists for the Court to Grant the Motion to Expand the Word Limit

The Canadian Parties are endeavoring to comply with Federal Circuit Rule 28(i)(1), which "strongly" encourages parties "with identical or similar interests" to join in a single brief. The Court granted a similar motion by the Canadian Parties for an expansion of the word limit for their combined principal brief, and those reasons, plus one more (discussed below), continue to apply in the context of the reply brief.

Specifically, for the reasons described below, additional words are needed to fully brief the issues. The Canadian Parties are appealing the U.S. Court of International Trade ("CIT") decision affirming the U.S. Department of Commerce ("DOC") decision in the countervailing duty investigation of utility scale wind towers from Canada (Case No. C-122-868). *See Utility Scale Wind Towers from Canada*, 85 Fed. Reg. 40,245 (Dep't Commerce July 6, 2020) (final CVD determ.). The Canadian Parties raised four issues in this appeal. Those issues are the DOC's decision to exclude the auditor's foreign exchange adjustment from Marmen's sales denominator; DOC's finding that the Québec On-The-Job Training Tax Credit is de facto specific; DOC's calculation of the GASPETC Program tax benefit; and DOC's decision to countervail the additional depreciation allowed for buildings used in manufacturing. These issues involve several tax regulations and statutory provisions, as well as different facts.

Additionally, at least two of these issues appear to be issues of first impression for the Court.

While addressing the four issues alone could be accommodated within the 7,000 word limit, in its response brief the United States also argued that the parties' had failed to exhaust their administrative remedies, or had waived the argument on appeal, relating to specificity of the Québec On-The-Job Training Tax Credit. Addressing that issue in the reply brief requires additional words.

The Canadian Parties do not believe that an adequate treatment of the four underlying issues and the exhaustion/waiver issue can be presented in a single reply brief within the 7,000 word limit contained in Federal Circuit Rule 32(b)(1). Limiting the Canadian Parties' discussion to 7,000 words for the four issues that were raised in their principal brief as well as the new exhaustion/waiver issue would severely hinder their ability to meaningfully present their arguments.

Further, three separate parties (two of which are governments) are coordinating to file one joint brief, instead of three separate briefs, and additional words are needed to ensure the issues are addressed to all parties' satisfaction. While the Canadian Parties may technically be permitted to file separate briefs under the Court's rules, the Canadian Parties prefer to comply with the Court's preference in Rule 28 by joining a single reply brief. Notably, the proposed expanded word limit is still far below the word limit that would apply if the briefs were deconsolidated into even two separate

briefs. For these reasons, Appellants respectfully request that the Court expand the

word limit for the Appellants' joint reply brief by 900 words.

Respectfully Submitted,

*/s/ Joanne E. Osendarp*
Joanne E. Osendarp
Alan G. Kashdan
Conor Gilligan
Tyler Kimberly

McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001
Tel:  (202) 756-8349
Email:  josendarp@mwe.com
*Counsel for Government of Canada*

*/s/ Nancy A. Noonan*
Matthew J. Clark
Nancy A. Noonan
Jessica R. DiPietro
ArentFox Schiff LLP

1717 K Street, N.W.
Washington, DC 20006
Tel:  (202) 857-6000
Email:  nancy.noonan@afslaw.com
*Counsel for Government of Québec*

*/s/ Jay C. Campbell*
Jay C. Campbell

White & Case LLP
701 13th Street NW
Washington, DC 20005
Tel:  (202) 626-3632
Email:  jcampbell@whitecase.com

*Counsel for Marmen Inc., Marmen Énergie Inc., and Marmen Energy Co.*

Dated:  January 6, 2023

FORM 9. Certificate of Interest

Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number**  2022-1807

**Short Case Caption**  Government of Québec v. US

**Filing Party/Entity**  Government of Québec

---

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date:  01/06/2023

Signature:  /s/ Nancy A. Noonan

Name:  Nancy A. Noonan

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Government of Québec | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐　Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable          ☑    Additional pages attached

| | | |
|---|---|---|
| Aman Kakar | Terminated: 08/24/2022 | |
| Leah N. Scarpelli | | |
| John A. Gurtunca | Terminated: 8/24/2022 | |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐     None/Not Applicable                 ☐     Additional pages attached

| | | |
|---|---|---|
| Natan Pinchas Lyons Tubman | | |
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number**   2022-1807

**Short Case Caption**   Government of Quebec v. US

**Filing Party/Entity**   Government of Canada

---

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: <u>1/6/2023</u>

Signature:   /s/ Joanne Osendarp

Name:   Joanne Osendarp

| 1. **Represented Entities.** Fed. Cir. R. 47.4(a)(1). | 2. **Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | 3. **Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Government of Canada | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable          ☐    Additional pages attached

| Conor Gilligan | McDermott Will & Emery, LLP | Did not appear in the originating Court, but is appearing in this Court |
| Timothy Hruby | McDermott Will & Emery, LLP | Terminated 8/19/2022 |
| Tyler Kimberly | McDermott Will & Emery, LLP | Did not appear in the originating Court, but is appearing in this Court |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number**  2022-1807

**Short Case Caption**  Government of Quebec v. US

**Filing Party/Entity**  Marmen Inc., Marmen Energie Inc., and Marmen Energy Co.

---

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 01/06/2023

Signature:  /s/ Jay C. Campbell

Name:  Jay C. Campbell

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Marmen Inc. | | |
| Marmen Energie Inc. | | |
| Marmen Energy Co. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| White & Case LLP | Jay Charles Campbell | |
| Ron Kendler | Allison J.G. Kepkay | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

Save for Filing

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2022-1807

**Short Case Caption:** Government of Québec v. US

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes ___597___ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 01/06/2023

Signature: /s/ Nancy A. Noonan

Name: Nancy A. Noonan

Save for Filing